# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-20138
Summary Calendar

January 31, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FREDERICK WATKINS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4-97-CR-82-3

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Frederick Watkins, federal prisoner # 75269-079, is appealing the district court's denial of his motion brought pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 750, which amended the guideline that determines the base offense level for offenses involving cocaine base. The district court held that the amendment did not affect Watkins's guidelines range. Because there is no jurisdictional impediment to reaching the merits of the appeal and the Government has not raised an objection to the timeliness of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal, the court pretermits a determination whether the pro se notice of appeal was timely filed and addresses the merits of the appeal.

Watkins argues that the district court denied him due process by not directing the parties and probation officer to address his eligibility for a reduced sentence under Amendment 750 and, as a result, it incorrectly calculated his amended sentencing guidelines range. He further complains that the district court mischaracterized his motion for appointment of counsel as a § 3582(c)(2) motion, did not give him the opportunity to be heard on his motion as mandated by the Supreme Court in *United States v. Castro*, 540 U.S. 375, 382-83 (5th Cir. 2003), and abused its discretion by denying his motion for appointment of counsel.

Watkins's reliance upon *Castro* is misplaced; by its express terms and by its rationale, it requires only that district courts give notice and warning to pro se litigants prior to construing motions as initial 28 U.S.C. § 2255 motions. *See Castro*, 540 U.S. at 381-83. Regarding the district court's denial of Watkins's request for appointment of counsel, Watkins's clear presentation of his claims and the applicable law to the district court showed that the interests of justice did not require the appointment of counsel and, thus, the district court did not abuse its discretion in denying the motion. *See United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008). Watkins was not entitled to be present at an evidentiary hearing in connection with his § 3582(c)(2) proceeding. *See* FED. R. CRIM. P. 43(b)(4).

Pursuant to the Guideline policy statements, Amendment 750 altered the base offense levels for cocaine base in the drug quantity tables of § 2D1.1(c) and retroactively lowered the sentencing guideline ranges in those cases. U.S.S.G. § 1B1.10(c), p.s. The Government's contention that Watkins was held accountable for 1352.9 grams of crack cocaine at sentencing is contradicted by the district court's signed order granting Watkins's objection to the drug quantity attributed to him in the presentence report, by its ruling at sentencing,

and by the written Statement of Reasons for the sentence imposed. Based on the ruling at the initial sentencing, Watkins was held accountable for only 682 grams of cocaine base.

Under Amendment 750, accountability for at least 280 grams but less than 840 grams of cocaine base results in a base offense level of 32, which would affect Watkins's sentencing range. *See* U.S.S.G. Sentencing Table. Because the record indicates that the district court erred in holding that Watkins was not eligible for a reduction of his sentence under Amendment 750, the district court's order denying the § 3582 motion is vacated, and the case is remanded to the district court for reconsideration of Watkins's eligibility for a reduction in his sentence. If the district court finds that Watkins is eligible, it should proceed to determine whether the 18 U.S.C. § 3553(a) factors warrant a reduction of Watkins's sentence. Watkins's motion for an expedited appeal is denied.

VACATED AND REMANDED; MOTION DENIED.