# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2013

Lyle W. Cayce
Clerk

No. 12-30887
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL CAULFIELD, also known as Big Mike,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:00-CR-253-9

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Caulfield, federal prisoner # 26639-034, challenges the district court's denial of his motion for reconsideration[1] of the denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Caulfield argues that the district court abused its discretion in denying his motion for reconsideration because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Caulfield's notice of appeal references only the motion for reconsideration order.

the denial of the sentence reduction was based on a clearly erroneous assessment of the evidence. Caulfield asserts that he earned his GED, worked in camp maintenance, and paid his special assessment fee. In addition, he notes that he has strong family support and a spotless disciplinary record since 2007. Caulfield also notes that his positive behavior earned him the lowest custody level status in the Bureau of Prisons. Finally, he contends that the 18 U.S.C. § 3553(a) factors, such as his history and characteristics and the nature and circumstances of the offense, weigh in favor of a sentence reduction. Based on the record, Caulfield argues that the district court abused its discretion in denying his motion for reconsideration.

A district court's decision whether to reduce a sentence under § 3582(c)(2) and its decision to deny a motion for reconsideration are reviewed for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009); *United States v. O'Keefe*, 128 F.3d 885, 892 (5th Cir. 1997). In determining whether to reduce a sentence, the district court first determines whether a sentence modification is authorized and to what extent. *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). If the court determines that a sentence modification is authorized it must then consider the applicable § 3553(a) factors to decide whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Id.* at 2692.

The district court correctly determined that Caulfield was eligible for a reduction, but it was under no obligation to reduce his sentence. *See Evans,* 587 F.3d at 673 (5th Cir. 2009). When the district court ruled on the motion for reconsideration, it had Caulfield's arguments in support of a reduction before it. Thus, this court can assume that the district court considered those arguments and any relevant § 3553(a) factors prior to denying the motion for reconsideration. *See id.* at 672-73 (rejecting the defendant's contention that the

district court erred by failing to credit his post-sentencing record of rehabilitation to further reduce his sentence, where the district court had the defendant's arguments before it). The district court therefore did not abuse its discretion in denying the motion for reconsideration. *See O'Keefe*, 128 F.3d at 892.

AFFIRMED.