# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30657
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

PHIL ANDREW WILSON,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:02-CR-50038-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Phil Wilson, federal prisoner # 11370-035, appeals the denial of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for reconsideration of the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack-cocaine sentencing guideline.  Wilson contends that (1) the district court erroneously denied relief based on the 2007 amendments to the guideline instead of the 2010 amendments, and (2) he was eligible for a sentence reduction pursuant to U.S.S.G. § 1B1.10(b)(2)(B) because, after the district court had denied his § 3582 motion, his sentence was reduced based on the government's motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, which, in turn, reduced his guideline range under the Fair Sentencing Act of 2010 ("FSA").

We review the denial of a motion for reconsideration for an abuse of discretion. *United States v. O'Keefe*, 128 F.3d 885, 892 (5th Cir. 1997); *United States v. Caulfield*, 536 F. App'x 509, 509-10 (5th Cir.), *cert. denied*, 134 S. Ct. 708 (2013).  A motion for reconsideration "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued" or "to argue a case under a new legal theory."  *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (internal quotation marks and citation omitted).

Wilson's position is without merit.  First, the record reflects that the district court properly construed his § 3582 motion as arising under the 2010 amendments.  In its order denying the motion, the court stated that the FSA did not reduce Wilson's guideline range.  Second, because Wilson argues that he is entitled to a sentence reduction pursuant to a new legal theory, i.e., U.S.S.G. § 1B1.10(b)(2)(B), that was not presented to the district court, he has not shown a manifest error of law or fact.  *See Simon*, 891 F.2d at 1159.  Third, even if we assume that Wilson has shown that his guideline range was reduced by the FSA, the court exercised its discretion and decided that a further

No. 13-30657

sentence reduction was not warranted based on the 18 U.S.C. § 3553(a) factors and specifically noted that Wilson distributed significant amounts of cocaine, that he was a leader or manager of the conspiracy, and that he received an obstruction-of-justice enhancement. *See United States v. Dillon*, 560 U.S. 817, 826-27 (2010).

The court did not abuse its discretion in denying the motion for reconsideration. *See O'Keefe*, 128 F.3d at 892. AFFIRMED.