# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-40626
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOE NICOLAS GARZA,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-70-1

———————

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Noe Nicolas Garza (Garza), federal prisoner # 03659-025, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence for conspiracy to possess with intent to distribute more than five kilograms of cocaine. Garza argues that the district court abused its discretion by denying his § 3582(c)(2) motion. He maintains that he was eligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40626

According to Garza, the district court should have granted him a reduction because he has turned his life around in prison, earning his GED and becoming a teacher of other inmates.  He asserts that the district court incorrectly determined that he was a danger to the community because he was not involved in a violent offense and has rehabilitated himself in prison.  The Government argues that the district court did not abuse its discretion and that Garza's motion was premature because Amendment 782 does not become retroactive until November 1, 2015.

Amendment 782 becomes retroactively applicable on November 1, 2015, to inmates, such as Garza, who were sentenced prior to the effective date of the amendment.  *See* U.S.S.G., App. C, Amend. 788.  Nevertheless, inmates who are eligible for a sentence reduction under Amendment 782 may seek such a sentence reduction that would become effective on November 1, 2015, prior to November 1, 2015.  U.S.S.G. § 1B1.10, comment. (n.6).

The district court had before it Garza's arguments in favor of a sentence reduction; the original and reduced guidelines ranges; a synopsis of Garza's behavior while incarcerated, both good and bad; and the information from Garza's original sentencing, including his criminal history and his obstruction of justice.  The district court, implicitly finding that Garza was eligible for a reduction, denied Garza's motion as a matter of discretion, specifically citing the 18 U.S.C. § 3553(a) sentencing factor of protection of the public.  While the district court did not discuss the § 3553(a) factors further, the arguments were presented to the district court, and "although it did not discuss them, we can assume that it considered them."  *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009) (internal quotation marks and citation omitted).  The district court was not required to give a detailed explanation of its decision to deny Garza's motion.  *See id.* at 674.  Garza was not entitled to a sentence reduction

No. 15-40626

just because he was eligible for a sentence reduction. *See id.* at 673. Given Garza's criminal history, his obstruction of justice, and his prison disciplinary record, Garza has not shown that the district court abused its discretion by denying the motion. *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.