# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10691
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KENNETH A. JONES,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94-CR-147-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Kenneth A. Jones, federal prisoner # 26216-077, challenges the denial of his motion for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2). In 1994, Jones was sentenced to 310 months' imprisonment after pleading guilty to conspiracy to possess, with intent to distribute, one kilogram or more of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-10691

Jones asserts the district court erred in determining Amendment 782 to the advisory Sentencing Guidelines did not have the effect of lowering his Guidelines advisory sentencing range.  He contends that proper calculation of his base-offense level and sentencing range under the amended Guidelines could result in his sentence's being reduced to time served.

The denial of a motion for reduction of a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion. *E.g., United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  Amendment 782 revised the Guidelines applicable to drug-trafficking offenses by changing the base-offense levels in § 2D1.1. *See* U.S.S.G., Supp. to Appendix C, Amendment 782, Reason for Amendment.  But, sentencing "reductions under . . . § 3582(c)(2) are not mandatory . . . [and] merely give[ ] the district court discretion to reduce a sentence under limited circumstances". *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009). If the court gave due consideration to the § 3582(c)(2) motion and the 18 U.S.C. § 3553(a) factors, there is no abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

In denying Jones' motion, the court determined he was not eligible for a sentence modification because application of the Amendment would result in the same sentencing range as used for his original sentence:  a base-offense level of 35, and resulting range of 292–365 months.  A review of the following demonstrates Amendment 782 lowered Jones' base-offense level, and ultimately his sentencing range:  his Pre-sentence Investigation Report, prepared at the time of initial sentencing; the 17 June 2015 post-motion-for-reduction report prepared for the district court by the United States Probation Office; and the amended Guideline.  Pursuant to the Amendment, Jones' base-offense level decreased to 32 (the level assigned to offenses involving at least one and a half kilograms, but less than five kilograms, of methamphetamine).

*See* § 2D1.1(c)(4).   Therefore, based on adjustments made to Jones' original base-offense level (two-point enhancement for use of a firearm, and three-point reduction for acceptance of responsibility), his total offense level became 31, with a corresponding sentencing range of 188–235 months.

Accordingly, the court erred in determining Amendment 782 did not lower Jones' sentencing range.   In denying the motion, the court relied solely on its calculation of the offense level, and, therefore, did not consider whether the modification was warranted under the § 3553(a) factors, or the nature and seriousness of the danger to the community that may be posed by a reduction in the sentence.  *See United States v. Larry*, 632 F.3d 933, 937 (5th Cir. 2011). Accordingly, the court abused its discretion in denying the motion.  *See id.*

The order denying the motion to reduce Jones' sentence pursuant to § 3582(c)(2) is VACATED, and this matter is REMANDED for the court's reconsideration of the proper calculation of the Guidelines sentencing range in the light of Amendment 782, and also to determine whether the reduction is warranted in the light of the relevant sentencing factors.   *See* 18 U.S.C § 3582(c); U.S.S.G. § 1B1.10, comment. (n.1(B)(i)-(ii)).

VACATED and REMANDED.