# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50601
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN DALE CURTIS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:02-CR-186-2

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Steven Dale Curtis, federal prisoner # 26558-180, filed a motion under 18 U.S.C. § 3582(c)(2), based on Amendment 782 of the Sentencing Guidelines, seeking a reduction of his 235-month sentence for conspiracy to manufacture methamphetamine. The district court determined that Curtis was eligible for the reduction, but it denied the § 3582(c)(2) motion, and it also denied Curtis's motion for reconsideration. Curtis now seeks leave to proceed in forma

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50601

pauperis (IFP) on appeal from the district court's denial of his motions. We construe Curtis's motion as a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3).

We review the decision whether to reduce a sentence pursuant to § 3582(c)(2) for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence. *Id.*

The district court did not make new Guidelines determinations in denying Curtis's motion; nor did it punish him twice for the same offense. Albeit implicitly, the court began by determining that Curtis was eligible for the reduction, and by determining his amended Guideline range. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). The court then exercised its discretion to conclude that a reduction was not warranted under the particular circumstances of the case, taking into account the relevant 18 U.S.C. § 3553(a) sentencing factors. *Id.* at 827. Curtis's contention that the district court was obliged to sentence him at the bottom of the amended Guideline range is without merit. *See United States v. Evans,* 587 F.3d 667, 673 (5th Cir. 2009) (noting that a district court is not obliged to grant § 3582(c)(2) relief). Finally, although the commentary to U.S.S.G. § 1B1.10 directs that a district court may consider post-sentencing behavior in determining whether a reduction is warranted, the decision whether to grant the reduction is discretionary. *See id.*

In sum, Curtis has not shown that the district court committed legal error, or that it abused its discretion in denying his motion. *See Henderson*, 636 F.3d at 717. Because the appeal is without arguable merit, Curtis's motion

No. 15-50601

for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2.