# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10691
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KENNETH A. JONES,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94-CR-147-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

**The 11 February 2016 opinion filed in this matter, *United States
v. Jones*, ___ F. App'x ___, 2016 WL 556533, is WITHDRAWN, and the
following is substituted in its place.**

Proceeding *pro se*, Kenneth A. Jones, federal prisoner # 26216-077,
challenges the denial of his motion, pursuant to 18 U.S.C. § 3582(c), for a
sentencing reduction.  The underlying sentence was imposed in 1995, when

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 15-10691

Jones was sentenced to 310 months' imprisonment after previously pleading guilty to conspiracy to possess, with intent to distribute, one kilogram or more of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846.

On 17 June 2015, following Jones' § 3582(c) motion (in which he asserted Sentencing Guideline Amendment 782 entitled him to a reduction), the United States Probation Office prepared a worksheet, recommending:  Jones' total offense level could be reduced from 35 to 31; and, his Guidelines sentencing range could be reduced to 188 to 235 months' imprisonment.  But, in denying the motion, the district court concluded Amendment 782 did not lower his offense level or sentencing range.

On 11 February 2016, this court, through the above-referenced now withdrawn opinion, relied on, *inter alia*, the 17 June worksheet and vacated the denial of Jones' motion.  Shortly thereafter, however, the record was supplemented to include a 1 July 2015 amended worksheet, which stated that Amendment 782 did *not* change Jones' total offense level or his sentencing range.  The amended worksheet was utilized by the district court in considering Jones' motion.  Accordingly, we now consider his challenges in the light of the supplemented record and his supplemental brief addressing the 1 July amended worksheet.

The denial of a motion for reduction of a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion.  *E.g., United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  Amendment 782 revised the Guidelines applicable to drug-trafficking offenses by changing the base-offense levels in Guideline § 2D1.1.  *See* U.S.S.G., Supp. to Appendix C, Amendment 782, Reason for Amendment.  But, sentencing "reductions under . . . § 3582(c)(2) are not mandatory . . . [and] merely give[ ] the district court discretion to reduce a sentence under limited circumstances".  *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).

No. 15-10691

If the court gave due consideration to the § 3582(c)(2) motion and the 18 U.S.C. § 3553(a) factors, there is no abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

In his supplemental brief, Jones concedes he is not entitled to a reduced sentence if the 1 July amended worksheet's calculation of his Guidelines sentencing range is correct. A review of that amended worksheet and Jones' 1995 sentence (calculated pursuant to the 1994 Guidelines) shows Amendment 782 does not lower that range. The court did not abuse its discretion in denying Jones' motion for a sentencing reduction. *See* § 1B1.10(a)(2)(B); *United States v. Henderson*, 636 F.3d 713, 717–18 (5th Cir. 2011).

AFFIRMED.