# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30234

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL CAULFIELD, also known as Big Mike,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2016

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:00-CR-253

Before DENNIS, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

In response to Caulfield's petition for panel rehearing, we hereby withdraw the previous opinion[1] and substitute the following; otherwise, the petition for rehearing is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *United States v. Caulfield*, No. 15-30234, 2016 WL 1253749 (5th Cir. Mar. 30, 2016). After filing the previous opinion, a petition for rehearing brought to our attention that the record on appeal was missing documents that were file-stamped as received by the district court. This clerical error in the district court led to misstatements of fact in the prior opinion.

## No. 15-30234

Appellant Michael Caulfield challenges the district court's order declining to further reduce his sentence under 18 U.S.C. § 3582(c)(2). Caulfield argues that the district court erred by failing to consider the relevant 18 U.S.C. § 3553(a) factors in determining that a further sentence reduction was unwarranted. We AFFIRM.

## I.

Caulfield was initially sentenced to 275 months of imprisonment for crimes related to a cocaine distribution conspiracy. The district court granted Caulfield's first motion to reduce his sentence pursuant to § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines,[2] which resulted in a reduction of Caulfield's sentence from 275 months to 250 months—fifteen months above the amended Guidelines range of 188 to 235 months. In that order, the district court explained that "[t]o the extent . . . this reduced sentence of 250 months . . . is above the amended guideline range, the Court finds that it is a fair reduction based on the facts of this particular case and the Defendant's criminal history" and noted that it had "considered all relevant factors, including the nature of the offense and Defendant's prior history." Thereafter, Caulfield filed a motion for reconsideration. The district court granted the motion and further reduced Caulfield's sentence from 250 months to 235 months. In that order, the district court stated: "In granting this reduction, the Court has considered all of the 18 U.S.C. § 3553(a) factors as required by § 1B1.10 of the United States Sentencing Guidelines and has also

---

[2] Amendment 706 to the United States Sentencing Guidelines, made retroactive, "amended the guidelines applicable to cocaine base (i.e., crack cocaine) offenses by raising the quantity required to trigger each base offense level, effectively lowering each respective sentencing range" under U.S.S.G. § 2D1.1. *United States v. Caulfield*, 634 F.3d 281, 283 (5th Cir. 2011).

No. 15-30234

taken into account Defendant's efforts at post-sentencing rehabilitation, which have now been brought to the Court's attention . . . ."

Following the implementation of Amendment 750,[3] which further reduced Caulfield's Guidelines range, Caulfield filed his second motion to reduce his sentence. The district court declined to reduce Caulfield's sentence any further, finding that "[t]he current sentence [of 235 months] is fair and reasonable" and noting that Caulfield had "benefitted from a prior reduction." Caulfield then filed a motion for reconsideration that thoroughly analyzed the § 3553(a) factors, as did the government's opposition. The district court denied the motion for reconsideration, Caulfield appealed, and we affirmed. *See United States v. Caulfield*, 536 F. App'x 509 (5th Cir. July 22, 2013).

Most recently, after the implementation of Amendment 782,[4] the district court received an Amendment 782 Eligibility Information Sheet from the Retroactivity Screening Committee for Amendment 782[5] stating that while Caulfield was eligible for a sentence reduction under Amendment 782, the

---

[3] Amendment 750 to the Guidelines "altered the base offense levels for cocaine base in the drug quantity tables of § 2D1.1.(c) and retroactively lowered the sentencing guideline ranges" for those offenses. *United States v. Watkins*, 510 F. App'x 325, 326 (5th Cir. Jan. 31, 2013).

[4] Amendment 782 to the Guidelines lowered the offense levels in § 2D1.1 for many drug trafficking offenses and became retroactively applicable on November 1, 2015. *See United States v. Jones*, No. 15-10691, 2016 WL 556533, at *1 (5th Cir. Feb. 11, 2016); *United States v. Garza*, 623 F. App'x 211, 212 (5th Cir. Nov. 18, 2015).

[5] Eastern District of Louisiana Chief Judge Sarah S. Vance formed a Retroactivity Screening Committee for Amendment 782 consisting of the Chief Probation Officer for the Eastern District of Louisiana, the United States Attorney for the Eastern District of Louisiana, and the Federal Public Defender for the Eastern District of Louisiana. Order, *In re Retroactive Application of United States Sentencing Guideline Amendment 782* (E.D. La. Nov. 6, 2014). The committee was ordered to screen all cases of defendants identified by the United States Administrative Office for the United States Courts and the United States Sentencing Commissions as potentially eligible for a sentence reduction pursuant to § 3582(c)(2) and Amendment 782. *Id.* After meeting and reviewing the cases of those defendants potentially eligible for sentence reductions under Amendment 782, the committee forwards the Amendment 782 Eligibility Information Sheet and any other pertinent documents to the district court judge assigned to the defendant's case. *Id.*

government contested the reduction. The Eligibility Information Sheet requested a written response from the parties. The government filed a response, which stated that the court must consider the applicable § 3553(a) factors and that, under the circumstances, a further sentence reduction was unwarranted. Caulfield filed a response arguing that a sentence reduction was warranted under § 3553(a) because Caulfield had been "appropriately punished and deterred from further criminal behavior," was not a risk to public safety, and had been "fully rehabilitated," as he had "not had a single prison infraction of any kind in nearly eight years." The district court on its own motion declined to further reduce Caulfield's sentence, stating that Caulfield's "current sentence [was] fair and reasonable under the circumstances" and noting that Caulfield had "benefitted from a prior reduction." *See* 18 U.S.C. §3582(c)(2). The order also provided that the district court had "tak[en] into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." Caulfield now appeals, arguing that the district court erred by failing to consider the relevant § 3553(a) factors.

## II.

We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion, which occurs if the district court bases its decision on an error of law or a clearly erroneous assessment of the evidence. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). When determining whether a sentence reduction under § 3582(c)(2) is warranted, the district court "shall consider the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

Here, the district court's order itself stated that the district court had "tak[en] into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." The record reflects that, at the time the district court made its decision in this case, it had before it information directly relevant to the § 3553(a) factors from which we can infer that its consideration of the factors was more than a formality: a Screening Committee Sentencing Packet, which contained Caulfield's initial judgment and probation/commitment order; the sentencing judge's statement of reasons for imposing Caulfield's original sentence; Caulfield's prison disciplinary record; and Caulfield's presentence investigation report with his objections to the report. The government's letter brief expressly stated the district court should consider the § 3553(a) factors and that, under the circumstances of this particular case, a further sentence reduction was not appropriate. Caulfield's response also expressly mentioned the "requirements" of § 3553(a) and discussed information directly relevant to those factors, arguing that because Caulfield was not a risk to public safety and had made "great strides toward becoming a positive member of his community," a 24-month reduction would be "sufficient to provide punishment and promote respect for the law." The Eligibility Information Sheet also provided the district court with information relevant to the § 3553(a) factors, including various sentencing options and Caulfield's post-conviction behavior. Accordingly, we conclude that the district court considered the § 3553(a) factors. *See Henderson*, 636 F.3d at 718; *United States v. Curtis*, No. 15-50601, 2016 WL 573639, at *1 (5th Cir. Feb. 12, 2016). We therefore AFFIRM.