# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2024

Lyle W. Cayce
Clerk

———————

No. 23-40382

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Osazuwa Peter Okunoghae,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:19-CR-3-1

———————————————————

Before Davis, Southwick, and Duncan *Circuit Judges*.

Per Curiam:[*]

Over a year after being sentenced, the Defendant filed a motion in the form of a letter to the district court. In it, he requested the court "to help me with an APPELLATE ATTORNEY, as I want to appeal my case as soon as [he] can under 2255 or any other remedy." The Government argued that the district court should recharacterize the filing as a motion under 28 U.S.C. § 2255. The district court did so, then denied the motion as untimely. On

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

appeal, the Government argues the district court should not have accepted its suggestion, and that in fact no motion under Section 2255 has yet been filed. For reasons other than those urged by the Government, we VACATE and REMAND.

In November 2019, Osazuwa "Peter" Okunoghae pled guilty in the United States District Court for the Eastern District of Texas to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Sentencing occurred two years later, with most of the delay caused by Okunoghae's ongoing cooperation with the Government that led to the prosecution of several members of a related money laundering scheme. According to the Government, the alleged scheme and Okunoghae's involvement were tied to fraudulent tax filings originating in Nigeria, Okunoghae's home country. In exchange for his cooperation, the Government promised to file a motion for a downward departure in his conspiracy sentence under U.S.S.G. § 5K1.1 or a motion for a reduction of sentence under Federal Rule of Criminal Procedure 35(b).

Okunoghae was sentenced in January 2022 to 78 months of imprisonment and three years of supervised release. The Government did not file a Section 5K1.1 motion because it concluded Okunoghae's cooperation was incomplete. All guilty pleas for the other individuals in the related scheme were entered by February 2023. The next month, the Government filed a Rule 35(b) motion based on Okunoghae's assistance. Three days later, the district court granted the motion and reduced the sentence to 48 months.

Okunoghae has insisted throughout these proceedings that the Government also promised him assistance in securing an S visa to avoid deportation to Nigeria where he claims his life would be in danger because of his cooperation with the United States Government. *See* 8 U.S.C.

§ 1101(a)(15)(S). According to Okunoghae, deportation to Nigeria would be a "death penalty," and he never would have pled guilty without a promise of an S visa. He further alleged his retained attorney assured him the Government would secure the visa and the commitment need not be in writing. After sentencing, Okunoghae says his court-appointed attorney persuaded him not to appeal so the Government would file the Rule 35(b) motion based on his assistance. The attorney allegedly told him that after a new Rule 35(b) sentence, he could do a "2255 appeal which is not time barred." The Government in the current proceedings has not stated whether there were any promises relating to a visa.

In May 2023, Okunoghae, proceeding *pro se*, sent the previously mentioned letter to the district court seeking "an APPELLATE ATTORNEY" so he could appeal his case "under 2255 or any other remedy." He allegedly discovered the Government would not assist him in obtaining an S visa only when it informed his immigration attorney in March 2023 that no such promise had been made.

In district court, the Government took the position that the letter was a motion to permit the filing of a late Section 2255 motion, then urged that it be denied as untimely. The motion purportedly was untimely because it needed to be filed within one year after his original sentencing, and Okunoghae failed to demonstrate a basis to toll the deadline. The district court agreed with the Government's arguments and denied the motion. Okunoghae timely appealed and is now represented by counsel.

Okunoghae argues the district court lacked jurisdiction to decide the timeliness of any Section 2255 motion because he did not file one. Instead, he argues he filed a motion for appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B). In an unexplained reversal of position, the Government now agrees. Though the parties on appeal agree the district court erred, we

still must conduct our own review and determine if reversable error occurred. *United States v. McLauling*, 753 F.3d 557, 559 n.2 (5th Cir 2014).

A district court has authority to recast a *pro se* litigant's court filing "to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (citations omitted). We review a district court's decision to recharacterize a *pro se* litigant's filing for abuse of discretion. *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019). Review for abuse of discretion also applies to the denial of a motion for appointed counsel. *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994).

There are limits to the practice, though. Recharacterizing a filing as one under Section 2255 should not occur "unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion." *Castro*, 540 U.S. at 382. The key consequence is that labeling a filing as one under Section 2255 may "make it significantly more difficult for that litigant to file another such motion."[1] *Id.*

It was not unreasonable for the district court to look beyond the characterization of the letter, which was properly considered a motion, and conclude that the request for counsel was for the purpose of filing for further review through a Section 2255 proceeding. If a Section 2255 motion must be filed first (which we do not decide), but only a request for counsel is made,

---

[1] Several panels of this court have held that failure to warn a *pro se* litigant as *Castro* requires is not reversible error; the recharacterized filing, though, cannot count as a Section 2255 filing for the bar on "second or successive" motions. *Ortiz-Lopez v. Fed. Bureau of Prisons*, 830 F. App'x 127, 131–32 (5th Cir. 2020) (citing two other unpublished opinions).

the motion for counsel could have been dismissed for lack of jurisdiction. *See United States v. Callahan*, 70 F. App'x 179 (5th Cir. 2003). The district court concluded that this was a motion for permission to file an out-of-time Section 2255 motion, then rejected it as untimely and because Okunoghae had made no arguments about equitable tolling or any other reason to overcome the untimeliness. Our following discussion identifies arguments explaining the delay, though, and they should have been considered.

The statute allowing appointment of counsel in general terms requires a decision on whether "the interests of justice" justify counsel. 18 U.S.C. § 3006A(a)(2). Okunoghae's filing presents significant allegations of the Government's alleged promise to assist him in obtaining an S visa in exchange for his assistance in other money-laundering cases; the time, place, and identities of the government officials that allegedly made the promises (immigration agents and assistant U.S. attorneys); and the identity of a witness to the promise (his attorney). *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). The allegations are consistent with Okunoghae's conduct in the years before sentencing, as evidenced by the numerous letters sent to the district court requesting court-appointed counsel and his allocution statements. He also alleges his court-appointed attorney was ineffective in advising him not to file a direct appeal but instead to wait for the Government's Rule 35(b) motion and he could "do a 2255 appeal" later because it "is not time barred." Lastly, Okunoghae's filing alleges he only discovered the visa promise was disputed when his immigration attorney told him in March 2023 that an assistant U.S. attorney in Alabama denied that a promise was ever made.

The Government in these proceedings has been silent about the validity of the claim about a promise to assist Okunoghae in acquiring a visa. The Government does concede that the allegations deserve a closer look. At least two other panels of this court concluded that the Government's

changing of position on appeal raises questions about the fairness of the ruling being appealed. *See United States v. Valdez*, 696 F. App'x 675, 681 (5th Cir. 2017) (citing *United States v. Torres*, 856 F.3d 1095, 1100 (5th Cir. 2017)).

The district court needs to address these allegations in deciding both whether equitable tolling or Section 2255(f)(4) should apply and whether the interests of justice require appointment of counsel. VACATED and REMANDED.