# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50320

United States Court of Appeals
Fifth Circuit

**FILED**
May 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ROBERTO TORRES,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY, SMITH, and GRAVES, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Roberto Torres appeals the denial of a motion for reduction of his sentence. We reverse and remand.

## I.

Torres's sentence stems from convictions in 2007: conspiracy to possess

No. 16-50320

with intent to distribute marihuana, to import marihuana,[1] and to launder money instruments. He was sentenced under the 2007 version of the United States Sentencing Guidelines (U.S.S.G.). Because the district court determined that the laundered money was proceeds of a drug conspiracy, the three convictions were grouped together for sentencing per U.S.S.G. § 3D1.2(c). That meant that Torres's base offense level for his money-laundering offense was derived from the total offense level for his drug-trafficking offenses, as U.S.S.G. § 2S1.1(a)(1) commanded.

Torres's total offense level for his drug-trafficking offenses was 39, yielding a guideline sentencing range of 262–327 months. The range for the money-laundering offense was based entirely on the calculations for the drug-trafficking offenses and yielded an identical range. The statutory maximum for a money-laundering offense, however, was 240 months. 18 U.S.C. § 1956(a)(2). Faced with those facts, the court sentenced Torres to 262 months for each drug conviction and 240 months for money-laundering, with the sentences to run concurrently.[2]

In May 2015, Torres and the government filed an "Agreed Motion for a Sentence Reduction." Under 18 U.S.C. § 3582(c)(2), a court can reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Amendment 782 to the Sentencing Guidelines, effective November 1, 2014, reduced the quantity-determined offense levels in the drug-trafficking guidelines by two levels.[3] *See* U.S.S.G. App. C, amend. 782. That

---

[1] We refer to these collectively as the "drug-trafficking offenses."

[2] All of the above facts regarding the appropriate offense categories and guidelines ranges for Torres's various offenses were in the presentence report ("PSR"), whose findings the district court accepted.

[3] The Sentencing Commission also made these amendments retroactive to those who,

No. 16-50320

had the effect of reducing Torres's offense level to 37 under the amended guidelines, which would have yielded an advisory range of 210–262 months. The government and Torres agreed that a sentence of 210 months under the new guidelines would be comparable to his actual sentence of 262 months under the old guidelines.

The district court agreed, at least as regards drug-trafficking. But at the hearing on the motion for reduction, the court was skeptical that it had the power to reduce Torres's sentence for money-laundering based on Amendment 782, noting that the money-laundering offense "[was] really not up for consideration." It could reduce the sentences for drug-trafficking, but the sentence for money-laundering would "stay at 240 months." Torres's counsel concurred with the district court's assessment.

The court denied the motion for reduction, apparently reasoning that denying it entirely would put Torres in a better position to appeal than would a grant of the motion with a reduction to 240 months. Torres appeals; he contends that Amendment 782 lowered his base offense level for both drug-trafficking and money-laundering. The government now urges affirmance despite having joined in the motion for reduction.

## II.

The parties contend that we should review the district court's decision for abuse of discretion; indeed, that is the typical standard of review of an order on a Section 3582(c)(2) motion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (per curiam). Torres, however, raises a new argument on appeal—namely, that Amendment 782 reduces his base offense levels for both

---

like Torres, had been sentenced under previous versions of the guidelines. *See* U.S.S.G. App. C, amend. 788.

3

No. 16-50320

the drug and money-laundering offense. We review for plain error any argu-ments not made to the district court and raised for the first time on appeal.[4] Indeed, Torres's counsel agreed with the district court that the base offense level for money-laundering could not be reduced.[5]

To reverse on plain error, we must find that three initial requirements are met: (1) "[T]here must be an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious"; and (3) "the error must have affected the appellant's substantial rights."[6] If those prerequisites are satisfied, we have discretion to correct the error, but "only if the error 'seriously affect[s] the fair-ness, integrity or public reputation of judicial proceedings.'"[7]

## A.

Section 3582(c)(2) permits a district court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered . . . ." A decision on whether to reduce a sentence requires a two-step inquiry; first, "[a] court must . . . determine that a reduction is consistent with [U.S.S.G.] § 1B1.10"; if it so determines, it then must examine "whether the authorized reduction is war-ranted . . . according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon v.*

---

[4] *See, e.g.*, FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); *United States v. Escalante-Reyes*, 689 F.3d 415, 418–19 (5th Cir. 2012) (en banc) (noting rule).

[5] When the district court suggested that Torres's "money laundering sentence is really not up for consideration," Torres's counsel responded "[r]ight." The court also suggested that "[e]ven if I went to 210 months [on the drug-trafficking offenses], his sentence [for money-laundering] is still going to stay at 240 months," to which Torres's lawyer agreed.

[6] *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citation and internal quotation marks omitted and alterations in original); *see also, e.g.*, *Escalante-Reyes*, 689 F.3d at 419 (reciting standard).

[7] *Puckett*, 556 U.S. at 135 (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

No. 16-50320

*United States*, 560 U.S. 817, 826 (2010). "In determining whether, and to what extent, a reduction . . . is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant . . . ." U.S.S.G. § 1B1.10(b)(1). In other words, if the range under which the defendant was originally sentenced has been amended, the court should substitute the amended range for the original and leave everything else unchanged.

Torres claims that the district court erred in not recognizing that his money-laundering conviction was subject to the same reduction as were the drug-trafficking offenses. He bases his assertion on the language of the guidelines. Section 2S1.1, which the PSR identified and the district court applied, deals with "[l]aundering of [m]onetary [i]nstruments." It prescribes use of "[t]he offense level for the underlying offense from which the laundered funds were derived, if . . . the defendant committed the underlying offense." U.S.S.G. § 2S1.1(a)(1). And that is what the PSR recommended—that Torres's offense level for money-laundering be identical to the level for drug-trafficking.

The significant point is that the money-laundering offense level was entirely dependent on the drug-trafficking level. And neither side disputes that Amendment 782, properly applied to Torres's drug-trafficking offense levels, reduce those levels from 39 to 37. But any reduction or increase in the drug-trafficking level would induce a corresponding change in the money-laundering level; Section 3582(c)(2) refers specifically to sentencing range, not any given offense. Thus, the district court's stated view that its hands were tied with regard to reducing the money-laundering sentence was error. If a reduction was appropriate for the drug-trafficking offense levels, then it was appropriate for money-laundering as well.

Because there was error, we explore whether it was clear or obvious. *Puckett*, 556 U.S. at 135. It was. Our conclusion that the district court erred

5

No. 16-50320

can be reached by "a straightforward application of the guidelines," and any error that can be identified purely by an uncomplicated resort to the language of the guidelines is plain.[8]

## B.

We therefore consider whether the error affected Torres's substantial rights. *Id.* "Where the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights." *Molina-Martinez*, 136 S. Ct. at 1347. There is nothing in the record to suggest that the district court would have denied a sentence reduction if it had been aware of the correct range. Its solicitude toward Torres's counsel (by denying the motion entirely, to make it easier to appeal) suggests that, had it operated under a correct understanding of the guidelines, it would have reduced the sentence. In any event, the default is that a district court's reliance on an incorrect range affects substantial rights.

## C.

The remaining question, which is close in this case, is whether we should exercise our discretion to correct the error. The mere fact of plain error that affects substantial rights does not lead to automatic reversal.[9] Instead, we must conclude that "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135. "The fourth

---

[8] *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010) (per curiam), *abrogated on other grounds by Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016); *see also, e.g.*, *United States v. Rosales-Mireles*, 850 F.3d 246, 248–49 & n.1 (5th Cir. 2017); *United States v. Espinoza*, 677 F.3d 730, 736 (5th Cir. 2012).

[9] *See, e.g.*, *United States v. Davis*, 602 F.3d 643, 648, 650 (5th Cir. 2010) (refusing to exercise discretion); *United States v. Reyna*, 358 F.3d 344, 352 (5th Cir. 2004) (en banc) (declining "to adopt a blanket rule that once prejudice is found under the [third plain error prong], the error invariably requires correction").

prong . . . is not satisfied simply because the 'plainly' erroneous sentencing guideline range yields a longer sentence than the range that, on appeal, we perceive as correct." *United States v. Sarabia-Martinez*, 779 F.3d 274, 278 (5th Cir. 2015). Our discretion to correct plain errors "'should be employed in those circumstances in which a miscarriage of justice would otherwise result.'"[10]

"We sometimes exercise discretion to correct a plain error where the imposed sentence is 'materially or substantially above the properly calculated range.'"[11] Though we have exercised our discretion to correct those kinds of errors,[12] a large gap between the correct range and the improperly-calculated-yet-relied-upon range does not mandate correction where other factors counsel abstention.[13] Such factors include the district court's determination that a sentence within the range was insufficient punishment to suit the goals of 18 U.S.C. § 3553(a)[14] and recidivism.[15]

---

[10] *Escalante-Reyes*, 689 F.3d at 425 (quoting *Olano*, 507 U.S. at 736).

[11] *Rosales-Mireles*, 850 F.3d at 250 (quoting *United States v. John*, 597 F.3d 263, 289 (5th Cir. 2010)).

[12] *See, e.g.*, *United States v. Mudekunye*, 646 F.3d 281, 290–91 (5th Cir. 2011) (exercising discretion where defendant was sentenced 19 months outside the correct range); *John*, 597 F.3d at 286 (exercising discretion where sentence was 21 months outside the correct range); *United States v. Price*, 516 F.3d 285, 289 & n.28 (5th Cir. 2008) (exercising discretion where court incorrectly calculated range as 110—120 months and imposed 110-month sentence where correct range was 92—115 months).

[13] *See United States v. Wikkerink*, 841 F.3d 327, 338–39 (5th Cir. 2016). There, the district court believed the correct range was 180–210 months, when it in fact was 70–87. *Id.* at 336–37. The mandatory minimum was 180 months, but the court chose to double that. *Id.* Despite the large difference, we declined to exercise our discretion. *Id.* at 338–39. The court had stated that it felt the guideline range did not adequately capture the "troubling" nature of the crimes and that an above-guidelines sentence was necessary both because the defendant was a recidivist and because he needed to be deterred from future criminal conduct. *Id.* Given the articulated reasons as to why the range did not adequately capture defendant's culpability, we declined to exercise our discretion. *Id.*

[14] *E.g.*, *id.*

[15] *See, e.g.*, *United States v. Davis*, 602 F.3d 643, 650–52 (5th Cir. 2010).

No. 16-50320

This case is closer to *Mudekunye* and *Price* than it is to *Wikkerink* and *Davis*.[16] The decision to deny a reduction here was based entirely on error with regard to the money-laundering offense. The court made no mention of recidivism or of the nature of this offense. And it initially sentenced Torres to 262 months, at the bottom of the then-correctly-calculated range of 262–327 months, suggesting that it felt the guidelines adequately served the purposes of Section 3553(a).

Moreover, the disparity between the correctly calculated range for resentencing and what the district court felt it was bound by is large. Because the court thought that the money-laundering guideline range was unaffected by Amendment 782, it concluded that the most to which it could reduce Torres's sentence was to 240 months. Barring that, it seems it would have been ready to grant the joint motion to reduce to 210 months, a difference of 30 months, and there is an additional 52 months between the bottom of the correct range and what Torres will actually serve absent a reduction.

A significant disparity in time to be served satisfies the third prong of affecting substantial rights but is often not sufficient to meet the high requirements of the fourth prong. Here, however, we have, as an additional element, the fact that the government joined in the motion for reduction but now supports its denial. That raises a question as to the "fairness . . . of judicial proceedings," *Puckett*, 556 U.S. at 135, that is sufficiently serious that we elect to exercise our discretion. We make no comment on whether we would do so if the mere difference in months were not compounded by the specific history of these proceedings.

---

[16] The cases cited deal with purported errors in the initial sentencing and not, as here, the denial of a motion for resentencing. But each situation deals with an error in calculating the guideline range.

No. 16-50320

III.

The government contends that the district court did not make a definitive decision on whether Torres was eligible for a reduction but, instead, decided that a reduction, even if authorized, was not warranted. In the government's view, the court did not make a decision on the first step of *Dillon* but grounded its denial in *Dillon* step two—that a reduction was not "warranted . . . according to the factors set forth in § 3553(a)." *Dillon*, 560 U.S. at 826.

The record does not support that notion, and the government's brief does not do much for it either. The government does not quote any portion of the transcript to support its assertion, but only cites the entirety of the transcript with no further explanation.[17] The district court only once referenced Torres's conduct in committing the offense, doing so after it had already made the legal error that is the subject of this appeal. On such a silent record, we are not tempted to infer a denial based on the Section 3553(a) factors.

The order denying a motion for reduction of sentence is REVERSED and REMANDED for further proceedings as needed. We express no view on what decisions the district court should make on remand.

---

[17] Indeed, most of the government's brief is devoted to a lengthy and pointless recitation of Torres's conduct that led to his original conviction—eleven of the brief's eighteen pages. If the district court had referenced the egregiousness of Torres's conduct at the resentencing hearing, or if there were any indication that his conduct contributed to the denial of a reduction, then this recounting might have had a purpose.