# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-51137

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

CARLOS GUSTAVO OLVERA, also known as Carlos Olvera,

      Defendant - Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-4-12

———————

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

    Carlos Gustavo Olvera pled guilty, pursuant to a plea agreement, to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).[1]

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [1] The plea agreement contained a broad waiver of Olvera's right to challenge his sentence by appeal or post-conviction proceeding. **ROA.311–12.** However, that waiver does not encompass an appeal like this one, which challenges the district court's denial of Olvera's 18 U.S.C. § 3582(c)(2) motion for a sentence modification. *See United States v. Cooley*, 590 F.3d 293, 296–97 (5th Cir. 2009) (per curiam) (holding that a substantially identically worded appeal waiver did not bar an appeal from the denial of a § 3582(c)(2) motion).

No. 15-51137

The United States Probation Office prepared a presentence investigation report ("PSR") for the benefit of the district judge. It determined Olvera's offense level under § 2S1.1 of the then-applicable 2008 version of the United States Sentencing Guidelines, the section applicable to money-laundering offenses. Under that section, the base offense level of a money-laundering offense is the base offense level "for the underlying offense from which the laundered funds were derived" as long as the defendant committed or is responsible for that offense and the offense level for that offense can be determined. U.S.S.G. § 2S1.1(a)(1) (2008). Accordingly, the PSR used the base offense level of conspiracy to possess with intent to distribute at least 5 kilograms of cocaine, the underlying offense for which Olvera conspired to launder funds. To do so, it referenced the Drug Quantity Table, which prescribes varying base offense levels to varying quantities of controlled substances involved in drug crimes. U.S.S.G. § 2D1.1(c) (2008). The PSR noted that the government's investigation had determined that 154 kilograms of cocaine were involved, so it set the base offense level at 38 under the Table, though it noted that the district court would need to confirm that amount. From that base offense level, the PSR subtracted two points for acceptance of responsibility under § 3E1.1(a), resulting in a total offense level of 36.

At Olvera's sentencing hearing, the district court received evidence on, among other issues, the quantity of cocaine for which Olvera could be held responsible. The court determined that Olvera was responsible for only 80 kilograms of cocaine, so it reduced the base offense level from 38 to 36 pursuant to the Drug Quantity Table. Aside from that modification, the court adopted the PSR entirely. Accounting for the 2-level reduction for acceptance of responsibility, Olvera's final total offense level was 34 and his criminal history category was III, resulting in a recommended imprisonment range of 188 to 235 months. The court sentenced Olvera to 210 months' imprisonment—

roughly the middle of the recommended range—and three years' supervised release. This court affirmed on direct appeal. *United States v. Olvera*, No. 09-51087, 2010 WL 4116895 (5th Cir. Oct. 19, 2010).

On November 1, 2014, approximately 60 months into Olvera's prison term, Amendment 782 to the Guidelines went into effect, overhauling the Drug Quantity Table. *United States v. Torres*, 856 F.3d 1095, 1097 (5th Cir. 2017). The amendment reduced most drug-related base offense levels by two. *Id.* A separate amendment made the overhaul retroactively applicable to defendants sentenced prior to its effective date. *Id.* at 1097 n.3. Had the new Drug Quantity Table been applicable when Olvera was sentenced, his base offense level would have been 34 rather than 36. Accounting for the 2-level acceptance-of-responsibility reduction, the total offense level would have been 32, which, when combined with a criminal history category of III, results in a recommended range of 151 to 188 months' imprisonment. U.S.S.G. ch. 5, pt. A (sentencing table).

Accordingly, Olvera *pro se* moved the district court for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits prisoners serving a term based on a sentencing range subsequently lowered by the Sentencing Commission to seek a reduction in the length of their term in accordance with the new recommended range. The district court denied the motion, finding that because "[d]efendant was sentenced . . . for Conspiracy to Commit Money Laundering, . . . Amendment 782 [was] inapplicable." Olvera moved for reconsideration, which the district court denied by text-only docket entry without a written order.

Olvera appealed. This court granted him leave to proceed *in forma pauperis* and directed the parties to brief whether Amendment 782 to the Guidelines made Olvera eligible for a sentence reduction and whether Olvera

No. 15-51137

had timely appealed under Federal Rules of Appellate Procedure 4(b)(1) and 4(b)(3). Olvera submitted a brief, but the government declined to do so.

### *Timeliness of Appeal*

We first consider the timeliness of Olvera's appeal. As detected by a judge of this court upon granting him leave to proceed *in forma pauperis*, Olvera arguably failed to timely appeal the district court's denial of his § 3582(c)(2) motion, depending on whether we construe his notice of appeal as a request for an extension of time. *See* Fed. R. App. P. 4(b)(1)(A), (b)(4). However, the 14-day time limit on defendants for noticing an appeal in a criminal case is nonjurisdictional and may be waived. *United States v. Martinez*, 496 F.3d 387, 387–89 (5th Cir. 2007) (per curiam). The government has waived the issue by declining to submit a brief, so we turn to the merits of Olvera's challenge.

### *Merits of Appeal*

Olvera contends that the district court erred in concluding that he was ineligible for a sentencing reduction. 18 U.S.C. § 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" as long as the reduction is consistent with the applicable policy statements. The Supreme Court has prescribed a two-step inquiry for a district court considering a § 3582(c)(2) motion:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the

4

amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." . . . At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon v. United States*, 560 U.S. 817, 827 (2010) (citations omitted). We review *de novo* a district court's authority to reduce a sentence per step one. *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010). We review for abuse of discretion a district court's decision whether and to what extent to exercise that authority per step two. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (per curiam).

This court has already confronted the question presented by this appeal. In *United States v. Torres*, the district court had found that Amendment 782 did not authorize it to reduce a sentence imposed for a money-laundering offense for which the defendant was sentenced under § 2S1.1. 856 F.3d at 1097. We held that determination to be plain error because the money-laundering sentence was determined with reference to the Drug Quantity Table, which Amendment 782 modified. *See id.* at 1099 ("The significant point is that the money-laundering offense level was entirely dependent on the drug-trafficking level."). Here, like in *Torres*, Olvera was sentenced under § 2S1.1 of the Guidelines, but per that section's command, the sentencing range was determined by the Drug Quantity Table. Thus, "the guidelines range applicable to" Olvera was "subsequently lowered as a result of an amendment to the Guidelines Manual." *See* U.S.S.G. § 1B1.10(a)(1). Had Olvera been sentenced under the Guidelines as amended, the recommended range of his punishment would have been 151 to 188 months' imprisonment instead of 188

to 235 months' imprisonment. The district court's conclusion that it lacked authority to reduce Olvera's sentence was error.

We VACATE the district court's denial of Olvera's motion to reduce his sentence under § 3582(c)(2) and REMAND this case to the district court for consideration of whether a reduction is warranted under the § 3553(a) factors.