# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 15-51026
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

September 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CAESAR HUMBERTO SALINAS,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-4-7

—————

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Caesar Humberto Salinas, federal prisoner # 53195-079, pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion in which he argued that he was eligible for a sentence reduction based on Amendment 782 to the Drug Quantity Table.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51026

Salinas was sentenced under U.S.S.G. § 2S1.1(a), which provides that the appropriate base offense level is derived from the base offense for the underlying offense.  Because Salinas was held responsible for 25 kilograms of cocaine, his base offense level was 34 under U.S.S.G. § 2D1.1(c).  The district court denied the § 3582 motion, determining that it did not have authority to reduce Salinas's motion because it was based on § 2S1.1 and not the Drug Quantity Table.

When considering whether to reduce a sentence pursuant to § 3582(c)(2) motion, the district court must first determine whether a reduction is consistent with U.S.S.G. § 1B1.10 by determining the defendant's eligibility for a reduction and the extent of the authorized reduction.  *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).  If the defendant is eligible for a reduction, a district court then considers the applicable 18 U.S.C. § 3553(a) factors to determine whether that reduction is warranted, either in whole or in part, under the particular circumstances of the case.  *Dillon*, 560 U.S. at 827.  We review de novo whether a district court has authority to reduce a sentence under step one.  *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

Salinas was sentenced under § 2S1.1 of the Guidelines, but the sentencing range was determined by the Drug Quantity Table.  Thus, "the guidelines range applicable to" Salinas was "subsequently lowered as a result of an amendment to the Guidelines Manual."  *See* § 1B1.10(a)(1).  Had Salinas been sentenced under the Guidelines as amended, the recommended range of his punishment would have been 121 to 151 months of imprisonment instead of 151 to 188 months.  The district court's conclusion that it lacked authority to reduce Salinas's sentence was error.  *See United States v. Torres,* 856 F.3d 1095, 1099 (5th Cir. 2017).

No. 15-51026

We VACATE the district court's denial of Salinas's motion to reduce his sentence under § 3582(c)(2) and REMAND this case to the district court for consideration of whether a reduction is warranted under the § 3553(a) factors. We DENY his motion for the appointment of counsel.