# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40622

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JESUS FLORES, III,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:15-CR-446-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

## I.

Jesus Flores, III, pleaded guilty of knowingly possessing a firearm after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 16-40622

having been convicted of a crime punishable by a term of imprisonment of more than one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district court identified a base offense level of 26, based in part on considering Flores's state burglary conviction as a crime of violence under *United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1359 (2017), and in part on an enhancement for the involvement of a firearm that was "capable of accepting a large capacity magazine."  Flores objected to the first factor but not the second.  Because of the intervening decision in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), which overruled *Uribe*, we vacate the judgment of sentence and remand for resentencing.

The parties submitted requested letter briefs in the wake of *Herrold*. Both sides agree that *Herrold* requires resentencing.  The government carefully maintains its respectful disagreement with *Herrold*, reserving its right to seek further appellate review.  Flores, through the Federal Public Defender, seeks remand via *Herrold* but disagrees with the government's request that, in remanding, the court should decide the remaining issue, which is whether the district court plainly erred in deciding that the offense involved a qualifying firearm.

The government is correct that in the interest of justice and efficiency, we should decide the qualifying-firearm question now, for the benefit of the district court and the parties on remand.  That issue has been fully briefed and orally argued on appeal and is ripe for a ruling.

## II.

The parties agree that plain-error review applies.  Flores did not object, in the district court, to the application of United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(1) based on the finding that "the offense involved a

(i) semiautomatic firearm that is capable of accepting a large capacity magazine . . . ."  U.S.S.G. § 2K2.1(a)(1)(A).

We need not engage in the customary four-pronged plain-error methodology,[1] because the district court, adopting the recommendation in the presentence report ("PSR"), found, as a matter of fact, that the weapon was a semiautomatic firearm capable of accepting a large-capacity magazine, thus satisfying U.S.S.G. § 2K2.1(a)(1)(A)(i).  "Questions of fact capable of resolution by the district court can never constitute plain error."[2]

Although the district court's finding, standing alone, is enough, we note that the record supports it.  A district court is entitled to rely on the PSR when it has sufficient indicia of reliability.[3]  The undisputed record shows that the firearm was "an assault rifle, .223 caliber Bushmaster long rifle, model Xm-15, serial number L535260."  In assigning the base offense level of 26 in paragraph 18 of the PSR, the probation officer merely recited, without elaboration, the above description of the rifle.  That amounts to a finding of raw material fact that the crime "involved a (i) semiautomatic firearm capable of accepting a large capacity magazine."

Flores did not object, and the district court adopted the PSR.  Even if, hypothetically, Flores were allowed to challenge the factual finding in the absence of an objection, he has not done that.  In his reply brief, he now objects that "the PSR . . . contained no information to support the naked conclusion

---

[1] *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

[2] *United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001); a*ccord United States v. Pompa*, 715 F. App'x 421, 422 (5th Cir. 2018) (per curiam) (quoting *United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015)); *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991); *United States v. Castellon-Aragon*, 772 F.3d 1023, 1026 (5th Cir. 2014).

[3] *United States v. Scher*, 601 F.3d 408, 413 (5th Cir. 2010); *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009).

that the Bushmaster rifle was a qualifying firearm." But in the absence of an objection at sentencing, the conclusional statement that the weapon met the definition is not subject to challenge. The finding of the fact is dispositive of the application of the enhancement insofar as the firearm "involved a . . . semiautomatic firearm capable of accepting a large capacity magazine."

The judgment of sentence is VACATED. This matter is REMANDED for resentencing. We place no limit on the matters that the district court may consider or address on remand.

No. 16-40622

HAYNES, Circuit Judge, concurring:

I concur in the judgment and with the majority opinion's conclusion to remand for resentencing in light of the intervening decision in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc).  I also acknowledge that I am bound by circuit precedent to conclude that questions of fact capable of resolution by the district court can never constitute plain error, though I do not think this distinction is warranted.  *See Carlton v. United States*, 135 S. Ct. 2399, 2400 (2015) (Sotomayor, J., statement respecting the denial of certiorari, joined by Breyer, J.) ("[I]n all the years since the [plain error] doctrine arose, we have never suggested that plain-error review should apply differently depending on whether a mistake is characterized as one of fact or one of law."). I write separately because I disagree with the majority opinion's conclusion that the dispute in this case is about a factual question that precludes plain error review.

The only facts found by the district court are that Flores possessed "an assault rifle, .223 caliber Bushmaster long rifle, model Xm-15, serial number L535260."  Flores argues in his principal brief that this description of the rifle is legally insufficient to support the enhancement under § 2K2.1(a)(1).  The question, then, is one of sufficiency of the evidence, which is a legal question. *See United States v. Zapata-Lara,* 615 F.3d 388, 390 (5th Cir. 2010). Accordingly, plain error review applies because Flores did not object below.  *See United States v. Delgado,* 672 F.3d 320, 330-31 (5th Cir. 2012) (en banc) (applying plain error review to unpreserved challenge to sufficiency of evidence of guilt).

I conclude that the district court did not commit plain error because the rifle description alone is legally sufficient to support the enhancement.  The term "assault rifle" is defined as "any of various automatic or semiautomatic

rifles with large capacity magazines designed for military use." *Assault Rifle*, MERRIAM WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2012). Thus, based on the term "assault rifle" alone, the rifle description satisfies the plain language of § 2K2.1(a)(1)(A)(i). Furthermore, the rifle's make and model also support the enhancement's application. Bushmaster XM-15 firearms are described in detail by the owner's manual.[1] The owner's manual is "[f]or all BUSHMASTER XM15 . . . Models" and says that they come with a "standard" "[m]agazine capacity" of "30 rounds."[2] The district court's finding that the firearm was a Bushmaster XM-15 assault rifle was therefore legally sufficient to support the § 2K2.1(a)(1) enhancement.[3] Even if it were legally insufficient to support the

---

[1] Although not in the record, the owner's manual, which is publicly available on Bushmaster's official website, is an authoritative source, making the features of the Bushmaster XM-15 rifle accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See United States v. Long*, 562 F.3d 325, 334 n.22 (5th Cir. 2009) (taking judicial notice of an American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders because its "authoritative nature makes the criteria 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" (quoting FED. R. EVID. 201(b))); *see also Baker v. St. Paul Travelers Ins. Co.*, 595 F.3d 391, 394 & n.8 (1st Cir. 2010) (taking judicial notice of an online PDF of the "Massachusetts Commercial Automobile Insurance Manual"); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (holding that the trial court erred in refusing to take judicial notice of historical retirement fund earnings of a corporation as shown on its website); *City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655 n.1 (6th Cir. 2005) (taking judicial notice of a term defined on the website of the National Association of Securities Dealers, Inc.); *United States v. Johnson*, 979 F.2d 396, 401 (6th Cir. 1992) (taking judicial notice of a definition of "Adjustment Disorder" in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders to help determine whether the defendant qualified for downward departure from the sentencing guidelines); 2 MCCORMICK ON EVID. § 330, FACTS CAPABLE OF CERTAIN VERIFICATION (7th ed. 2016) ("Information obtained from online sources is becoming a frequently used basis for judicial notice. To this point, government and corporate websites and well-recognized mapping services are among the most commonly relied upon sources." (footnotes omitted)).

[2] BUSHMASTER FIREARMS INT'L, LLC, BUSHMASTER OPERATING & SAFETY INSTRUCTION MANUAL FOR ALL BUSHMASTER XM15 AND C15 MODELS cover page and 3 (2006).

[3] The note to § 2K2.1(a)(1) also requires that the magazine be either "attached to" or "in close proximity to" the rifle. § 2K2.1 cmt. n.2. However, the Guideline itself does not require the magazine to be nearby and such a limitation contradicts the Guideline's plain language of requiring only a firearm "*capable* of accepting a large capacity magazine." *See*

enhancement, there would be no plain error because this is an issue of first impression that cannot be resolved by a simple resort to the language of the Guideline. *See SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 783 (5th Cir. 2017); *cf. United States v. Torres*, 856 F.3d 1095, 1099 (5th Cir. 2017) ("[A]ny error that can be identified purely by an uncomplicated resort to the language of the guidelines is plain.").

---

§ 2K2.1(a)(1) (emphasis added); *cf. United States v. Ashburn*, 20 F.3d 1336, 1341 (5th Cir.) (refusing to apply note 6 to U.S.S.G. § 2B3.1(b)(2)(F) because "[t]he Guideline does not exclude bystanders from its reach and to imply such an exclusion would contradict the language of the Guidelines"), *opinion reinstated in relevant part on reh'g*, 38 F.3d 803 (5th Cir. 1994) (en banc). Moreover, this is an issue of first impression and the language of the Guideline does not provide an answer, thus any error was not clear or obvious. *See SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 783 (5th Cir. 2017) ("[A] question of first impression cannot form the basis for plain error."); *cf. United States v. Torres*, 856 F.3d 1095, 1099 (5th Cir. 2017) ("[A]ny error that can be identified purely by an uncomplicated resort to the language of the guidelines is plain.").