# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11068
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 14, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RIGOBERTO MATA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-267-15

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Rigoberto Mata, Jr., federal prisoner # 35080-079, moves for leave to proceed in forma pauperis (IFP) on appeal of the denial of his third motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 782 to the United States Sentencing Guidelines. By challenging the district court's denial of authorization to proceed IFP on appeal, Mata is challenging the district court's certification that his appeal is not taken in good faith and is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11068

frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

We recently clarified in *United States v. Calton*, 900 F.3d 706, 713-14 (5th Cir. 2018), that a § 3582(c)(2) motion is a step in a criminal proceeding and res judicata principles do not apply within such a single legal action. The district court, therefore, abused its discretion in denying Mata's third § 3582 motion as barred by res judicata, and Mata has raised a nonfrivolous issue for appeal. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011); *Howard*, 707 F.2d at 220.

For this reason, Mata's motion for leave to proceed IFP is GRANTED. *See Baugh*, 117 F.3d at 202. The district court's judgment dismissing his § 3582(c) motion is VACATED. We DISPENSE with further briefing and REMAND the case to the district court for further proceedings. We express no opinion on whether the district court should exercise its discretion to grant a reduction in Mata's sentence after considering the appropriate factors and the new issue Mata raises in his third § 3582(c) motion based on *Hughes v. United States*, 138 S. Ct. 1765 (2018), and *United States v. Torres*, 856 F.3d 1095 (5th Cir. 2017).