# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40939
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE GONZALES, SR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-318-12

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In 2009, Rene Gonzales, Sr., federal prisoner # 64422-079, was convicted of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and more than five kilograms of cocaine, and conspiracy to engage in money laundering. The district court sentenced Gonzales to 292 months of imprisonment on the drug offense and to the statutory maximum of 240

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months of imprisonment on the money laundering offense.  The district court ordered the sentences to run concurrently.

Gonzales appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence, in which he argued that he was entitled to a sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines and *United States v. Torres*, 856 F.3d 1095 (5th Cir. 2017).  He argues that in the interest of sentencing uniformity, he, like the allegedly similarly-situated defendant in *Torres*, should have been granted a reduction under Amendment 782.   Gonzales also argues that the district court's reasons for denying § 3582(c)(2) relief had already been taken into account in the calculation of his guidelines range.

We review the district court's disposition of a § 3582(c)(2) motion for an abuse of discretion.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  A district court abuses its discretion if it bases its decision on an error of law or makes a clearly erroneous assessment of the evidence.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

In *Torres*, we held that because the defendant's convictions for drug offenses and a money laundering offense were grouped together and the offense level for the money laundering offense was entirely derived from the offense level for the drug offenses, the district court plainly erred in finding it was not authorized to reduce the sentences for all three offenses pursuant to Amendment 782.  *Torres*, 856 F.3d at 1099-1101.  By contrast, in the current case, the district court recognized its authority to apply Amendment 782 but declined to do so based upon the seriousness of the offense, Gonzales's aggravating role in the offense, and Gonzales's personal history and characteristics.  Therefore, *Torres* provides no grounds for relief, and Gonzales has not shown that the district court abused its discretion in denying his

No. 18-40939

§ 3582(c)(2) motion. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010); *Henderson*, 636 F.3d at 717.

The judgment of the district court is AFFIRMED.