# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2022

Lyle W. Cayce
Clerk

No. 21-40303

United States of America,

*Plaintiff—Appellee*,

*versus*

Emmanuel De Leon-Sanchez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-2109-1

Before Higginbotham, Higginson, and Oldham, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:*

After pleading guilty to being found in the United States after a previous deportation, Emmanuel De Leon-Sanchez was sentenced to 30 months' imprisonment. De Leon-Sanchez appeals his sentence. For the following reasons, we AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40303

I.

De Leon-Sanchez was first ordered removed from the United States in January 2003. He was subsequently removed in February 2003 and again in 2006 and 2008. In November 2002, De Leon-Sanchez was convicted of conspiracy to commit an offense against or to defraud the United States for which he served over 26 months' imprisonment. In December 2004, De Leon-Sanchez was convicted of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana for which he served over 28 months' imprisonment.[1] The conduct underlying this conviction occurred in May 2002, prior to De Leon-Sanchez's first order of removal. In February 2007, De Leon-Sanchez was convicted of a felony illegal re-entry offense for which he was sentenced to 28 months' imprisonment.

In January 2021, De Leon-Sanchez pleaded guilty in the instant case to being found in the United States after a previous deportation, in violation of 8 U.S.C. § 1326. At sentencing, the PSR applied two eight-level enhancements: one for criminal conduct that occurred *before* a first order of removal and resulted in a sentence of two years or more—based on the November 2002 conviction—and one for criminal conduct that occurred *after* a first order of removal and resulted in a sentence of two years or more—based on the December 2004 conviction. *See* U.S. Sent'g Guidelines Manual § 2L1.2(b)(2)(B), (b)(3)(B) (U.S. Sent'g Comm'n 2018). After application of the three-level reduction for acceptance of responsibility,

---

[1] For both the November 2002 and December 2004 convictions, De Leon-Sanchez was initially sentenced to shorter terms of imprisonment, but his supervised release was revoked, and he served further time in custody.

De Leon-Sanchez was assigned an offense level of 25, which produced a Guidelines range of 84 to 105 months.[2]

In his written objections and at the sentencing hearing, De Leon-Sanchez requested a downward departure, but he did not object to the application of the § 2L1.2(b)(3)(B) enhancement.  The Government contended that De Leon-Sanchez's criminal history was accurately represented in the PSR and requested a sentence within the Guidelines range.  Alternatively, it requested "a graduated sentence," *i.e.*, a sentence greater than the 28 months that De Leon-Sanchez received for his prior § 1326 conviction.  The district court adopted the PSR's factual findings and concluded that its Guidelines calculations had been "correctly scored."  But the district court departed from the Guidelines under U.S.S.G. § 2L1.2 cmt. 6 based on its belief that the eight-level increases associated with the 2002 and 2004 convictions overstated the seriousness of those offenses.  The district court then sentenced De Leon-Sanchez to 30 months' imprisonment.  In doing so, the district court stated, "Mr. De Leon, just remember your sentences do get bigger each time you come here illegally."

De Leon-Sanchez timely appealed.

## II.

On appeal, De Leon-Sanchez claims that the district court erred by applying the eight-level enhancement under § 2L1.2(b)(3)(B) for engaging in criminal conduct after a first order of removal.  He argues that while he was *convicted* of conspiracy to possess with intent to distribute more than 1,000

---

[2] The PSR applied a two-level reduction in the offense level pursuant to U.S.S.G. § 3E1.1(a), and at the sentencing hearing, the district court granted the Government's motion for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b).

kilograms of marijuana in December 2004, he actually *engaged* in the criminal conduct in May 2002, prior to his first order of removal in January 2003.

Because De Leon-Sanchez did not object to the § 2L1.2(b)(3)(B) enhancement in the district court, all parties agree that our review is for plain error. FED. R. CRIM. P. 52(b). De Leon-Sanchez must show that the district court committed (1) an error, (2) that was clear or obvious, and (3) that affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). To demonstrate that the error affected his substantial rights, De Leon-Sanchez "must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)). When those three steps are met, "the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (quoting *Molina-Martinez*, 578 U.S. at 194).

As the Government concedes, De Leon-Sanchez has established that the district court plainly erred by adopting the PSR's eight-level enhancement under § 2L1.2(b)(3)(B). Under this provision, an eight-level increase is appropriate where, *after* a defendant was ordered deported or removed from the United States for the first time, he engaged in criminal conduct that, at any time, resulted in a conviction for a felony offense (other than an illegal re-entry offense) for which the sentence imposed was two years or more. U.S.S.G. § 2L1.2(b)(3)(B). We have explained that for enhancements under § 2L1.2(b)(3), "the operative time [is] the point when the defendant engaged in criminal conduct rather than when the defendant sustained a conviction." *United States v. Franco-Galvan*, 864 F.3d 338, 343 (5th Cir. 2017) (internal quotation marks omitted). Though De Leon-Sanchez was convicted of conspiracy to possess with intent to distribute more

than 1,000 kilograms of marijuana in December 2004, after his first order of removal, the underlying criminal conduct took place before. Because he already received the enhancement under § 2L1.2(b)(2)(B) for criminal conduct occurring *prior* to a first order of removal for the November 2002 conviction, applying an eight-level enhancement for the December 2004 conviction was a "clear or obvious" error. *United States v. Torres*, 856 F.3d 1095, 1099 (5th Cir. 2017) ("Our conclusion that the district court erred can be reached by a straightforward application of the guidelines, and any error that can be identified purely by an uncomplicated resort to the language of the guidelines is plain." (internal quotation marks omitted)).

Turning to the third prong of plain error review, De Leon-Sanchez must show that the error affected his substantial rights. *Olano*, 507 U.S. at 734. "In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Molina-Martinez*, 578 U.S. at 200. Even if the district court downwardly departed from the erroneous Guidelines range calculation, "a defendant's substantial rights are affected if: (1) a district court uses the Guidelines as a starting point; (2) the Guidelines calculation is incorrect; and (3) the record is silent as to what the district court might have done had the Guidelines range been correct." *United States v. Blanco*, 27 F.4th 375, 381 (5th Cir. 2022). However, "[t]here may be instances when, despite an erroneous Guidelines range, a reasonable probability of prejudice does not exist," such as when the district court's explanation of the sentence, "make[s] it clear that the judge based the sentence he or she selected on factors independent of the Guidelines." *Molina-Martinez*, 578 U.S. at 200.

Had the district court correctly calculated De Leon-Sanchez's offense level, his Guidelines range would have been 37 to 46 months, as opposed to the PSR's 84 to 105 months. *See* U.S.S.G. ch. 5 pt. A (Sentencing Table).

Though the 30-month sentence De Leon-Sanchez actually received still fell below the correct Guidelines range, this fact alone would be insufficient to show that "a reasonable probability of prejudice does not exist." *Molina-Martinez*, 578 U.S. at 200; *Blanco*, 27 F.4th at 382 n.2.

However, we think the district court's statements at sentencing make clear that De Leon-Sanchez's sentence was based not on the erroneously calculated Guidelines range, but rather on the sentence he received for a prior illegal re-entry offense. First, the district court explicitly discounted both the erroneous eight-level enhancement under § 2L1.2(b)(3)(B) and the correctly applied eight-level enhancement under § 2L1.2(b)(2)(B). The district court then imposed the 30-month sentence with no other reference to the Guidelines range. Second, the district court concluded its pronouncement of the sentence stating, "Mr. De Leon, just remember your sentences do get bigger each time you come here illegally. So I hope you stay in Mexico." Combined, these two facts show to us that the district court did not "anchor [its] discretion" in the erroneously calculated Guidelines range, *Molina-Martinez*, 578 U.S. at 204, but rather selected the 30-month sentence based on a "factor[] independent of the Guidelines," *Molina-Martinez*, 578 U.S. at 200, namely, De Leon-Sanchez's prior 28-month sentence for illegal re-entry.

De Leon-Sanchez argues that, in light of the district court's admonition, "So I hope you stay in Mexico," the comment about graduated sentences for illegal re-entry offenses was merely a warning not to return to the United States without authorization, rather than a reference to De Leon-Sanchez's previous illegal re-entry sentence. Because the district court made no other comments about that prior sentence, De Leon-Sanchez argues that "the record is silent as to what the district court might have done had it considered the correct Guidelines range." *Molina-Martinez*, 578 U.S. at 201. Regardless of whether the district court's comment was made with De Leon-

No. 21-40303

Sanchez's prior illegal re-entry sentence in mind, the comment makes clear that, even considering the correct Guidelines range, the court would have imposed a graduated sentence, particularly given the Government's argument in favor of one.  Thus, De Leon-Sanchez has not shown a reasonable probability that but for the Guidelines error, he would have received a lesser sentence. *Id.* at 194.

## III.

Accordingly, De Leon-Sanchez's sentence is AFFIRMED.