# United States Court of Appeals for the Fifth Circuit

---

No. 24-20437
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Joseph Jones, III,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-628-1

---

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:*

Joseph Jones III was convicted under 18 U.S.C. § 922(g)(1) for possessing a firearm after a felony conviction. He challenges both his conviction and his sentence.

Relying largely on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), Jones argues that the district court erred in accepting his

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

guilty plea because 18 U.S.C. § 922(g)(1) violates the Second Amendment, the Commerce Clause, and his equal protection rights. We review his constitutional challenges for plain error because he did not raise them in the district court. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014).

Jones's argument that § 922(g)(1) facially violates the Second Amendment is foreclosed by *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625). His argument that § 922(g)(1) is unconstitutional as applied to him because it exceeds Congress's power under the Commerce Clause is foreclosed. *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020). Additionally, we rejected an equal protection challenge to § 922(g)(1) in *United States v. Darrington*, 351 F.3d 632, 634-35 (2003), *abrogated on other grounds by Diaz*, 116 F.4th at 465, where we determined that governmental restrictions on the right to bear arms need not meet a strict scrutiny test because it was not a fundamental right. As neither the Supreme Court nor this court sitting en banc has overruled *Darrington*, we must follow that precedent. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). Moreover, the purported error is not clear or obvious. *See Jones*, 88 F. 4th 571, 573 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024).

Next, Jones argues that the district court erred in assigning him a base offense level of 24 under U.S.S.G. § 2K2.1 because his 2016 Texas conviction for aggravated sexual assault is not a crime of violence (COV) as that term is defined at U.S.S.G. § 4B1.2(a). We review this issue, raised for the first time on appeal, only for plain error. *See United States v. Shepherd*, 848 F.3d 425, 427 (5th Cir. 2017). The Government contends that aggravated sexual assault under Texas Penal Code § 22.021(a)(1)(A) is a forcible sex offense, which is an enumerated COV under § 4B1.2(a)(2). Jones argues that the non-consent element of the state offense, which is defined at Texas Penal Code § 22.011(b), is broader than the meaning of lack of consent found in

§ 4B1.2(e)(1)'s definition of forcible sex offense.  We have not previously addressed this issue in any published case and no error can be identified by an uncomplicated resort to the language of the Guidelines.  Thus, any error here was not plain.  *See Jones*, 88 F.4th at 573; *United States v. Torres*, 856 F.3d 1095, 1099 (5th Cir. 2017).

AFFIRMED.